**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4182**

———————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

CHARLES ALAN O'CONNOR,

            Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., District Judge.  (1:07-cr-00060-NCT-1)

———————

Submitted:  October 16, 2008          Decided:  November 24, 2008

———————

Before TRAXLER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Michael A. DeFranco, Angela Hewlett Miller, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Alan O'Connor pled guilty pursuant to a written plea agreement to one count of possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (2000). The district court sentenced O'Connor to twelve months in prison, and O'Connor timely appealed. O'Connor's attorney filed a brief in accordance with Anders v. California, 386 U.S. 739 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether O'Connor's guilty plea proceeding was properly conducted and whether the district court abused its discretion by not imposing a lower sentence. The Government did not file a reply brief. O'Connor submitted a pro se supplemental brief contending that: (1) the evidence was insufficient to demonstrate that he knowingly and illegally possessed the firearm; (2) he did not have a firearm on his person in connection with two shooting incidents at his bar, despite ABC investigative reports that stated otherwise; (3) he was falsely accused of involvement with child pornography; and (4) due to his deteriorating health he should not be placed in a facility other than Butner; however, the Bureau of Prisons keeps trying to place him in FCI Petersburg. Finding no reversible error, we affirm.

Counsel's brief first evaluates whether the district court properly conducted the hearing at which O'Connor entered his guilty plea. For the reasons summarized by counsel, we are in

2

agreement that the court meticulously conducted the Rule 11 proceeding. Based upon O'Connor's responses to the court's inquiries and the evidence presented, the court properly concluded that O'Connor fully understand the nature of the charges against him and the applicable punishment range, that the plea was knowingly and voluntarily entered, and that there was an adequate factual basis for the plea. Accordingly, we find no deficiency in the guilty plea proceeding.

Likewise, we find no basis to question the sentence imposed by the district court. After <u>United States v. Booker</u>, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines. However, in imposing a sentence post-<u>Booker</u>, courts still must calculate the applicable guidelines range after making the appropriate findings of fact, and consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008). <u>Gall v. United States</u>, 128 S. Ct. 586, 596 (2007). The court must give both parties an opportunity to argue for whatever sentence they deem appropriate," and the district judge "may not presume that the Guidelines range is reasonable." <u>Gall</u>, 128 S. Ct. at 596-97. This court will affirm a post-<u>Booker</u> sentence if it "is within the statutorily prescribed range and is reasonable." <u>Id.</u> at 433 (internal quotation marks and citation omitted). On appellate review, this court may presume that a sentence within the properly

3

calculated advisory Guidelines range is reasonable. <u>Rita v. United States</u>, 127 S. Ct. 2456, 2462, 2465 (2007).

Here, the district court sentenced O'Connor after considering and examining the sentencing guidelines and the § 3553(a) factors, as instructed by <u>Booker</u>, and applied the guidelines as advisory. The court heard from both O'Connor and the Government about calculation of his criminal history score and O'Connor was permitted to argue for a lower sentence or probation. Counsel argued that the firearm actually belonged to O'Connor's wife and O'Connor had never used the weapon nor intended to, and that O'Connor had serious health concerns; thus, probation was an appropriate alternative. The court sentenced O'Connor to twelve months, the bottom of the advisory guidelines range, and well below the statutory maximum of ten years. The court explained that it would not depart from the guidelines range, in light of the fact that O'Connor likely had possession of the same firearm as far back as 2002, he knew the firearm was at the bar and in his house, and he was aware that he was not legally permitted to possess it. Because neither O'Connor nor the record reveals any information to rebut the presumption that his sentence was reasonable, we find no fault with the length of the sentence imposed by the district court.

We likewise reject the issues raised by O'Connor in his pro se submissions. O'Connor first argues that the evidence was

insufficient to support his conviction. A valid guilty plea, however, forecloses the right to challenge antecedent, non-jurisdictional defects. See Tollett v. Henderson, 411 U.S. 258, 267 (1973); Hall v. McKenzie, 575 F.2d 481 (4th Cir. 1978). Accordingly, we conclude O'Connor's insufficiency of evidence claim is waived by his validly entered guilty plea.

Next, O'Connor argues that he did not possess a gun during two incidents at his bar, as reported by local law enforcement. The district court found these instances demonstrated by a preponderance of the evidence that O'Connor possessed the gun at least since 2002 and negated his argument that the gun was never under his control but solely used by his wife. Accordingly, the court rejected O'Connor's mitigation arguments in favor of probation, and found a sentence of imprisonment appropriate.

After Booker, a sentencing court continues to make factual findings concerning sentencing factors by a preponderance of the evidence. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005), cert. denied, 127 S. Ct. 121 (2006). Long-standing authority has permitted a sentencing court to consider any evidence at sentencing that "has sufficient indicia of reliability," see USSG § 6A1.3(a), including "conduct underlying [an] acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." United States v. Watts, 519 U.S. 148, 156-57 (1997) (per curiam); United States v. Montgomery, 262 F.3d 233, 249

(4th Cir. 2001). Based upon the evidence presented at sentencing, the district court did not err in rejecting O'Connor's mitigation arguments and imposing a sentence of imprisonment.

O'Connor also contends that he was falsely accused of being involved in child pornography. O'Connor was never arrested or charged as officers found no evidence of child pornography when O'Connor's residence was searched; thus, this claim does not bear on his conviction or this appeal.

Finally, O'Connor argues that the Bureau of Prisons ("BOP") keeps attempting to place him in FCI Petersburg despite the court's recommendation that he be placed in FCI Butner due to health concerns. While this claim relates to the execution of O'Connor's sentence, which is not a proper subject for direct appeal, we note that the record demonstrates that the court has granted O'Connor's several requests to delay his self-reporting time until the BOP can accommodate him in Butner. Moreover, from O'Connor's most recent filing and his return address, it is apparent that O'Connor is now housed at Butner.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm O'Connor's conviction and sentence. We also deny O'Connor's motion to substitute counsel. This court requires that counsel inform O'Connor, in writing, of the right to petition the Supreme Court of the United States for further review. If O'Connor

6

requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on O'Connor.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED